*GUERNSEY COUNTY—AUGUST TERM, 1817.*

PRESENT—TAPPAN, *President;* HENDERSON, FRAME AND LEEPER, *Associates.*

## JOHNSON vs. RALPH.

When a non-resident is plaintiff, the Sheriff is not bound to serve the writ until it is endorsed for costs, but the service, if made, is good, without such endorsement.
The plaintiff may be compelled to give security (where the endorsement of it has been neglected) unless the defendant has waived his right to it.

HERRICK, for the defendant, moved to quash the writ which had been served and returned in this case, because it was not endorsed by any person as security for costs. It was admitted by HOWARD, (who appeared for the plaintiff,) that the plaintiff did not reside nor was a freeholder in the county.

PRESIDENT.—The tenth section of the " act to organize the judicial courts and regulate their practice," requires, that " in all cases of mesne process, where the plaintiff doth not reside or is not a freeholder in the county, the writ shall be endorsed by some freeholder resident in the county, as security for costs, before the sheriff shall serve the same." If a writ issues, without being endorsed as directed by this statute, the sheriff will not be bound to serve it; but if he does regularly serve and return it, the statute does not make such service void.

The endorsement is required to secure the payment of costs to all those who may be entitled to them. The right to this security may be waived; and, so far as respects the sheriff, it may fairly be considered as waived in this instance. But the security is to the defendant for his own benefit, as well as for that of the officers of the court; and as he has done no act which can be construed into a waiver of his right, he may now, with propriety, require such security to be given. Let the writ be endorsed then by the opening of the court to-morrow, or a non-suit will then be ordered,